**James Edward ANTOSH, Plaintiff,**

v.

**FEDERAL ELECTION COMMISSION, Defendant.**

**Civ. A. No. 85–1410.**

United States District Court, District of Columbia.

June 25, 1985.

Michael E. Avakian, Center on National Labor Policy, North Springfield, Va., Francis T. Coleman, Stephen W. Robinson, Washington, D.C., for plaintiff.

Robert E. Pease, Federal Election Com'n, Washington, D.C., for defendant.

MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

Plaintiff, James Edward Antosh, brings this action under 2 U.S.C. § 437g(a)(8)(A), seeking review of a decision of the Federal Election Commission (Commission) dismissing an administrative complaint filed with the Commission by plaintiff. The case is presently before the Court on the defendant's motion to dismiss pursuant to Fed.R. Civ.P. 12(b). For the reasons set forth below, the defendant's motion will be denied.

In support of its motion to dismiss, defendant alleges that the Court lacks jurisdiction over this action because the plaintiff did not file the complaint within sixty days of the Commission's dismissal of the administrative complaint as required by 2 U.S.C. § 437g(a)(8)(A) and (B) which provide:

8(A) Any party aggrieved by an order of the Commission dismissing a complaint filed by such party under paragraph (1), or by a failure of the Commission to act on such complaint during the

120-day period beginning on the date the complaint is filed, may file a petition with the United States District Court for the District of Columbia.

(B) Any petition under subparagraph (A) shall be filed, in the case of a dismissal of a complaint by the Commission, within 60 days after the date of the dismissal.

In the instant case, plaintiff filed an administrative complaint with the Commission on March 1, 1984, alleging violations of the Federal Election Campaign Act of 1971, as amended. On March 1, 1985, by an affirmative vote of 5–0, the Commission decided to accept conciliation agreements and to close the file. The Commission notified counsel for the plaintiff of the Commission's actions by letter dated March 11, 1985. Thereafter, the conciliation agreements were executed by all parties. The agreements contained the following provision:

This agreement shall become effective as of the date that all parties hereto have executed same and the Commission has approved the entire agreement.

The agreements were approved by the Commission on March 11, 1985. The instant complaint, seeking review of the Commission's action, was filed on May 1, 1985.

It is the position of defendant that the date of dismissal by the Commission is March 1, 1985, that the complaint was not filed within the limitation period prescribed in 2 U.S.C. § 437g(a)(8)(B), and that, therefore, this Court lacks jurisdiction to entertain this action. Plaintiff, on the other hand, takes the position that the Commission's action which affirmatively dismissed the administrative complaint was the Commission's approval on March 11, 1985, of the conciliation agreements and that by the terms of the conciliation agreements, they were not effective until the parties had executed them and the Commission had approved them.

The Court is unpersuaded by defendant's argument. Rather, the Court determines that the date of dismissal by the Commission was March 11, 1985, the date the Commission approved the conciliation agreements and they became effective. It is also notable that the Commission's regulations provide at 11 C.F.R. § 111.18(b) that:

A conciliation agreement is not binding upon either party unless and until it is signed by the respondent and by the General Counsel upon approval by the affirmative vote of four (4) members of the Commission.

Therefore, the effective date of the dismissal being March 11, 1985, the instant complaint filed on May 1, 1985, was timely filed within 60 days after the effective date of the dismissal as provided by 2 U.S.C. § 437g(a)(8)(B).

For the reasons set forth above, the defendant's motion to dismiss must be denied. An Order consistent with this Memorandum Opinion will be issued this date.